UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:19-cr-00294 (KAD) |
| v. | |
| VAUGHN THOMAS | July 28, 2020 |

MEMORANDUM OF DECISION RE:
DEFENDANT'S MOTION TO DISMISS (ECF NO. 29)

Kari A. Dooley, United States District Judge:

Defendant Vaughn Thomas ("Thomas" or the "Defendant") was charged by indictment on December 4, 2019 with two counts of obstructing justice by retaliating against a witness, in violation of 18 U.S.C. §§ 1513(a)(1)(A) and (b)(1). The indictment alleges that from September 2019 through approximately November 22, 2019, the Defendant attempted to kill and knowingly threatened to cause bodily injury to an individual identified as "Witness 1" with the intent to retaliate against Witness 1 for his attendance and testimony at a federal grand jury proceeding. (ECF No. 1.) Citing Federal Rule of Criminal Procedure 12(b)(3)(A), (b)(3)(B)(iii), and (b)(3)(B)(v), as well as the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Defendant moves to dismiss the indictment "due to the lack of corroborative evidence to prove not only Mr. Thomas' guilt but to prove the corpus delicti of retaliation against a witness for testifying before a Grand Jury." (ECF No. 29 at 1.) He argues that because the Government's evidence is "unreliable," the indictment lacks specificity and fails to state an offense, depriving this Court of jurisdiction. (*Id.* at 2.) The Government filed an opposition to the motion to dismiss in which it refutes these contentions. (ECF No. 33.) For the reasons that follow, the motion to dismiss is DENIED.

1

**Legal Standard**

"The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. Raniere*, 384 F. Supp. 3d 282, 299 (E.D.N.Y. 2019) (quoting *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001)). The Federal Rules of Criminal Procedure permit a Defendant to file a pretrial motion to dismiss based upon a defect in an indictment or in the initiation of the prosecution, provided "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Calhelha*, 456 F. Supp. 2d 350, 356–57 (D. Conn. 2006) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Levine*, 249 F. Supp. 3d 732, 738 (S.D.N.Y. 2017) (quoting *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)). "When deciding a motion to dismiss an indictment pursuant to Fed. R. Crim. Pro. 12(b), a court must accept all factual allegations in the indictment as true." *United States v. Kogan*, 283 F. Supp. 3d 127, 134 (S.D.N.Y. 2017) (quotation marks and citation omitted).

**Discussion**

The Defendant does not challenge the facial validity of the indictment as is contemplated by Federal Rule of Criminal Procedure 12(b), and as is discussed above. Instead, he focuses principally on the *corpus delicti* rule. This doctrine, also known as the "corroboration rule," has traditionally required "that prosecutors present evidence other than the defendant's confession, admission, or exculpatory statement to prove the *corpus delicti* or 'body of the crime.'" *United*

*States v. Irving*, 452 F.3d 110, 118 (2d Cir. 2006). The Supreme Court has "rejected this traditional understanding of the" rule, however, in favor of the principle that "the confession, if proven reliable, may serve as the only evidence reaching the *corpus delicti*." *Id*. (citing *Opper v. United States*, 348 U.S. 84, 93–94 (1954)). Thus, in the Second Circuit, "[t]he modern corroboration rule requires only that there be 'substantial independent evidence which would tend to establish the trustworthiness of the statement.'" *Id*. (quoting *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 2000)).

Thomas claims that the Government's case against him runs afoul of the *corpus delicti* rule because it is premised upon alleged oral inculpatory statements made by Thomas to an unreliable source, whom he refers to as the "CI," *i.e*., the confidential informant. His motion attempts to impugn the CI's credibility and motives directly and also asserts that the Government has failed to corroborate the CI's statements. In addition, he argues that the Government has presented insufficient evidence that Thomas's actions were undertaken in retaliation for Witness 1's testimony, whom he refers to by Witness 1's initials, in a grand jury proceeding. Specifically, he asserts that the discovery provided by the Government fails to establish that Thomas told the CI that Witness 1 gave a statement to the grand jury, as set forth in a police report.

These arguments are not properly raised by way of a pretrial motion to dismiss. It is a basic tenet of our criminal justice system that "the Government is not required to demonstrate the sufficiency of its proof until the close of its case-in-chief at trial." *United States v. Rittweger*, 259 F. Supp. 2d 275, 289 (S.D.N.Y. 2003). Accordingly, "a facially valid indictment returned by a properly constituted and unbiased grand jury is sufficient to try a defendant on the counts charged therein, and 'cannot even be challenged on the ground that it is based on inadequate or incompetent

evidence.'"[1] *United States v. Cirino*, No. 3:06-CR-261 (PCD), 2006 WL 3422191, at *2 (D. Conn. Nov. 27, 2006) (quoting *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir. 1985)); *see also, e.g.*, *United States v. Ground*, No. 11-CR-151A, 2014 WL 9940092, at *3 (W.D.N.Y. July 29, 2014), *report and recommendation adopted sub nom. United States v. Hidalgo*, 2015 WL 3853071 (W.D.N.Y. June 17, 2015) (concluding that "there is no basis for this Court to even consider a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure" when the defendant's motion was predicated on disputed facts, as "[w]hether or not the government will succeed in establishing the elements of the crimes charged in the Superseding Indictment sufficient to survive a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure is . . . not a matter properly decided on a pretrial motion to dismiss"); *United States v. Giordano*, 260 F. Supp. 2d 477, 480 (D. Conn. 2002) ("It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence.") (quotation marks and citation omitted); *United States v. Elson*, 968 F. Supp. 900, 905 (S.D.N.Y. 1997) ("[A] challenge to the sufficiency of the evidence does not provide a basis for dismissal of the Indictment or for holding a pre-trial hearing").[2]

Rather than contest the facial validity of the indictment,[3] the Defendant here challenges the sufficiency of the Government's evidence regarding both the CI's credibility and the Defendant's

---

[1] As neither the Defendant nor the Government addressed this issue in their initial submissions, the Court ordered supplemental briefing on the question of whether the Defendant's claims are properly brought by way of a motion to dismiss. (ECF No. 35.) The Defendant and the Government filed supplemental briefs, which the Court has considered.

[2] This rule also comports with longstanding Supreme Court precedent that precludes courts from supervising the grand jury's taking and weighing of evidence. *See, e.g.*, *United States v. Williams*, 504 U.S. 36, 54 (1992) (reiterating "that '[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury'") (quoting *Costello v. United States*, 350 U.S. 359, 363–64 (1956)); *United States v. Calandra*, 414 U.S. 338, 349 (1974) ("Because the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial"). Accordingly, although the Defendant does not assert a challenge to the sufficiency of the evidence presented to the grand jury, to the extent his motion might be construed as doing so, it would be denied.

[3] As noted above an indictment must state the elements of the offense, fairly inform the defendant of the charges against him, and "provide[] notice . . . sufficient for trial preparation and double jeopardy purposes." *Calhelha*, 456

purported retaliatory motive. And although the Defendant acknowledges that "the federal rules do not authorize judges to engage in a pre-trial inquest to decide if the prosecution will have enough evidence to prove its case at trial," *United States v. Rankin*, 422 F. Supp. 3d 564, 578 (D. Conn. 2019), he nonetheless submits that "the circumstances of this case create a unique situation" that should prompt the Court to overlook this rule (Def.'s Supp. Mot. 1, ECF No. 36), reasoning by analogy to those rare prosecutions that have raised due process concerns by virtue of government "conduct that is 'so outrageous' that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction against the accused." *United States v. Schmidt*, 105 F.3d 82, 91 (2d Cir. 1997) (quoting *United States v. Russell*, 411 U.S. 423, 431–32 (1973)). But the Defendant does not cite to any case where such a prosecution was dismissed pretrial based upon a judicial assessment of the quality or sufficiency of the evidence; nor does he identify any egregious official misconduct that would satisfy this very high standard barring a conviction in any event. Moreover, as the Government correctly observes, at trial it will be "the province of the jury and not of the court to determine whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely credible in the essentials of his testimony." *United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011) (quotation marks and citation omitted). Should the Government present the CI as a witness at trial, Thomas will, at that juncture, be entitled to challenge the CI's credibility on cross-examination.

      Finally, the Court recognizes a potential exception to this rule – where the "government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense." *Alfonso*, 143 F.3d at 776–77. However, where

---

F. Supp. 2d at 356–57, 363. Such an indictment satisfies not only the standard embodied in the Federal Rules of Criminal Procedure but also the Fifth and Sixth Amendments to the Constitution. *See Raniere*, 384 F. Supp. 3d at 298. Here the indictment clearly sets forth the elements of the offenses and there is no dispute that Thomas was fairly informed of the charges brought against him, as evidenced by, *inter alia*, the factual recitations and arguments set forth in the instant motion itself.

"there has been no such proffer, in deciding a motion to dismiss, the Court must consider only whether the allegations of the indictment, taken as true, are sufficient to establish a violation of the charged offense." *United States v. Finazzo*, No. 10-CR-457 (RRM), 2011 WL 3794076, at *2 (E.D.N.Y. Aug. 24, 2011); *see also Giordano*, 260 F. Supp. 2d at 481 ("Unless the government has made such a proffer, it is inappropriate for the court to entertain a motion challenging the sufficiency of the evidence at the pretrial stage").  Here, the Government confirmed in its supplemental brief that it has not rendered a full proffer of the evidence it intends to present at trial.[4]  Thus, "[w]hile [Thomas] is free to argue after conclusion of the Government's case in chief that it has failed to prove" the elements of the crimes set forth in the indictment, including by corroborating the reliability of any statement introduced from the CI, "such arguments are premature as a basis for a motion to dismiss, which can test only the legal sufficiency of the indictment rather than the sufficiency of its factual support." *United States v. Ganim*, 225 F. Supp. 2d 145, 162 (D. Conn. 2002).

**Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss the indictment is denied.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of July 2020.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[4] While Thomas asserts in his supplemental brief that "it does not appear that many of the facts as set forth by the undersigned are in dispute" and accordingly suggests that this Court can "make a determination prior to the presentment of evidence" (Def.'s Supp. Mot. at 2), this position ignores that the credibility of the CI is itself a disputed issue in the case, as is the question of whether there is other evidence to corroborate the CI's testimony. (*See* Gov't.'s Opp. at 7 (arguing that "Thomas is factually incorrect" with respect to his assertion that the evidence against him derives only from Prisoner #1 (*i.e*., the CI), "as there was evidence from not only Prisoner #1, but Prisoner #2, Thomas's own prison calls, law enforcement and Thomas's friends and a relative.")).